| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| ███████ | MICHAEL JAY FOREMAN | | 06/26/24 | LBH |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $29,447.22 | Not Applicable | 11.290% | 07/06/29 | Consumer |
| | | Creditor Use Only | | |

# PROMISSORY NOTE, SECURITY AGREEMENT AND TRUTH-IN-LENDING DISCLOSURES
(Consumer - Closed End)

**DATE AND PARTIES.** The date of this Promissory Note, Security Agreement and Truth-in-Lending Disclosures (Loan Agreement) is June 26, 2024. The parties and their addresses are:

**LENDER:**
UNION BANK & TRUST COMPANY
102 West McCloy
Monticello, AR 71655
Telephone: (870) 460-6400

**BORROWER:**
MICHAEL JAY FOREMAN
███████

The pronouns "I," "me," and "my" refer to each Borrower signing this Loan Agreement, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Loan Agreement. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan. Loan Documents refer to all the documents executed as a part of or in connection with the Loan. Property means any property, real, personal or intangible, that secures my performance of the obligations of this Loan Agreement. Rates and rate change limitations are expressed as annualized percentages. All dollar amounts will be payable in lawful money of the United States of America.

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of my credit as a yearly rate. | The dollar amount the credit will cost me. | The amount of credit provided to me or on my behalf. | The amount I will have paid when I have made all scheduled payments. |
| 11.424% | $9,438.58 | $29,362.22 | $38,800.80 |

**Payment Schedule.** My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $646.68 | Monthly beginning August 6, 2024 |

**Demand.** This loan has a demand feature.
**Security.** I am giving a security interest in:
Sport Craft (Titled/Non-Residence)
Motor Vehicle (Non-Residence)
(Brief description of other property) 2018 FORD F150 VIN: 1FTEW1E52JKD29271; 2019 YAMAHA YFM700 SERIAL NUMBER: 5Y4AMH53XKA100640
**Filing Fees.** File Fee: $37.50.
**Late Charge.** If a payment is more than 10 days late, I will be charged 10.000 percent of the Unpaid Portion of Payment or $25.00, whichever is greater. However, this charge will not be greater than $100.00.
**Prepayment.** If I pay off early, I will not have to pay a penalty.
**Assumption.** Someone buying the Property securing the obligation cannot assume the remainder of the obligation on the original terms.
**Contract Documents.** I will see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**1. PROMISE TO PAY.** For value received, I promise to pay you or your order the principal sum of $29,447.22 (Principal) plus interest at the rate of 11.290 percent (Interest Rate) from June 26, 2024 on the unpaid Principal balance until this Loan Agreement matures or this obligation is accelerated.

After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Loan Agreement at the Interest Rate in effect from time to time, until paid in full. Any amount assessed or collected as interest under the terms of this Loan Agreement will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me. The amount assessed or collected on this Loan Agreement is authorized by the Arkansas usury laws under Ark. Const. (Amendment 89), provided such laws are not otherwise preempted by federal laws and regulations. Interest accrues using an Actual/365 days counting method.

**2. ADDITIONAL CHARGES.** As additional consideration, I agree to pay, or have paid, these additional fees and charges.

A. Nonrefundable Fees and Charges. The following fees are earned when collected and will not be refunded if I prepay this Loan Agreement before the scheduled maturity date.
  Loan Processing. A(n) Loan Processing fee of $85.00 payable from the loan proceeds.
  Filing. A(n) Filing fee of $37.50 payable from the loan proceeds.

3. **REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Loan Agreement.

  A. Late Charge. If a payment is more than 10 days late, I will be charged 10.000 percent of the Unpaid Portion of Payment or $25.00, whichever is greater. However, this charge will not be greater than $100.00. I will pay this late charge promptly but only once for each late payment.

4. **PAYMENT.** I agree to pay this Loan Agreement on demand, but if no demand is made, I agree to pay this Loan Agreement in 60 payments. A payment of $848.88 will be due August 6, 2024, and on the 6th day of each month thereafter. A final payment of the entire unpaid balance of Principal and interest will be due July 6, 2029.

Payments will be rounded down to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Loan Agreement will be applied first to interest that is due, then to principal that is due, then to late charges that are due, and finally to any charges that I owe other than principal and interest. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

5. **PREPAYMENT.** I may prepay this Loan Agreement in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

6. **LOAN PURPOSE.** The purpose of this Loan is TO PURCHASE CAMPER AND PAYOFF CBT.

7. **SECURITY.** The Loan is secured by Property described in the SECURITY AGREEMENT section of this Loan Agreement.

8. **SECURITY AGREEMENT.**
  A. Secured Debts. This Security Agreement will secure the following debts (Secured Debts), together with all extensions, renewals, refinancings, modifications and replacements of these debts:
    (1) Sums Advanced under the terms of this Loan Agreement. All sums advanced and expenses incurred by you under the terms of this Loan Agreement.
    (2) All Debts. All present and future debts of all Borrowers owing to you, even if this Security Agreement is not specifically referenced, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type than this debt. If more than one person signs this Security Agreement, each agrees that it will secure debts incurred either individually or with others who may not sign this Security Agreement. Nothing in this Security Agreement constitutes a commitment to make additional or future loans or advances. Any such commitment must be in writing.
    This Security Agreement will not secure any debt for which a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. In addition, this Security Agreement will not secure any other debt if, with respect to such other debt, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, the other debt would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

  B. Security Interest. To secure the payment and performance of the Secured Debts, I grant you a security interest in all of the Property described in this Security Agreement that I own or have sufficient rights in which to transfer an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property (including, but not limited to, all parts, accessories, repairs, replacements, improvements, and accessions to the Property). Property is all the collateral given as security for the Secured Debts and described in this Security Agreement, and includes all obligations that support the payment or performance of the Property. "Proceeds" includes cash proceeds, non-cash proceeds and anything acquired upon the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising from the Property; and any collections and distributions on account of the Property.

  Property also includes any original evidence of title or ownership whether evidenced by a certificate of title or ownership, a manufacturer's statement of origin or other document when the Property is titled under any federal or state law. I will deliver the title documents and properly execute all title documents as necessary to reflect your security interest.

  This Security Agreement remains in effect until terminated in writing, even if the Secured Debts are paid and you are no longer obligated to advance funds to me under any loan or credit agreement.

  C. Property Description. The Property subject to this Security Agreement is described as follows:
    (1) Motor Vehicle, Mobile Home, Sport Craft, or Trailer. A Motor Vehicle of Make: FORD , Year: 2018, Model: F150 , VIN: 1FTEW1E52JKD29271.
    A Sport Craft of Make: YAMAHA, Year: 2019, Model: YFM700, VIN/Serial No.: 5Y4AMH53XKA100640, and additionally described: Together with any and all additions, replacements or accessories thereto;.

  D. Duties Toward Property.
    (1) Protection of Secured Party's Interest. I will defend the Property against any other claim. I agree to do whatever you require to protect your security interest and to keep your claim in the Property ahead of the claims of other creditors. I will not do anything to harm your position.
    (2) Use, Location, and Protection of the Property. I will use the Property only for personal, family, or household purposes. I will not use the Property in violation of any law.
    I will keep the Property in my possession at my address. I will notify you in writing and obtain your prior written consent to any change in location of any of the Property. I will immediately inform you of any loss or damage to the Property. I will not cause or permit waste to the Property.
    Until this Security Agreement is terminated, I will not grant a security interest in, or otherwise encumber, any of the Property without your prior written consent. I will pay all taxes and assessments levied or assessed against me or the Property and provide timely proof of payment of these taxes and assessments upon request.
    (3) Additional Duties Specific to Motor Vehicles, Sport Craft, or Trailers. So long as I am not in default under this Security Agreement, the Motor Vehicle, Sport Craft, or Trailer portion of the Property will not be restricted to a specific location and may be moved as necessary during ordinary use. However, they may not be taken out of state permanently nor removed from the United States or Canada without your prior written consent.



E. **Authority To Perform.** I authorize you to do anything you deem reasonably necessary to protect the Property and your security interest in the Property. If I fail to perform any of my duties under this Loan Agreement, you are authorized, without notice to me, to perform the duties or cause them to be performed. You are authorized, but are not limited, to: pay and discharge taxes, liens, security interests or other encumbrances at any time levied or placed on the Property; pay any rents or other charges under any lease affecting the Property; order and pay for the repair, maintenance and preservation of the Property; file any financing statements on my behalf and pay for filing and recording fees pertaining to the Property; place a note on any chattel paper indicating your interest in the Property; take any action you feel necessary to realize on the Property, including performing any part of a contract or endorsing it in my name; handle any suits or other proceedings involving the Property in my name. If you perform for me, you will use reasonable care.

F. **Name and Location.** My name indicated in the DATE AND PARTIES section is my exact legal name. I am located at the address indicated in the DATE AND PARTIES section. I will provide verification of registration and location upon your request. I will provide you with at least 30 days notice prior to any change in my name, address, or state of organization or registration.

G. **Perfection of Security Interest.** I authorize you to file a financing statement and/or security agreement, as appropriate, covering the Property. I will comply with, facilitate, and otherwise assist you in connection with obtaining perfection or control over the Property for purposes of perfecting your security interest under the Uniform Commercial Code. I agree to pay all actual costs of terminating your security interest.

9. **DEFAULT.** I understand that you may demand payment anytime at your discretion. For example, you may demand payment in full if any of the following events (known separately and collectively as an Event of Default) occur:

   A. **Payments and Performance.** I fail to make a payment when due or perform any condition or keep any promise or covenant of this or any agreement I have made with you.

   B. **Insolvency or Bankruptcy.** I become insolvent or declare bankruptcy.

   C. **Death or Incompetency.** I die or am declared legally incompetent.

10. **DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Loan Agreement to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable.

11. **WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor. In addition, I, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Loan Agreement. You may renew or extend payments on this Loan Agreement, regardless of the number of such renewals or extensions. You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer. You may release, substitute or impair any Property securing this Loan Agreement. You, or any institution participating in this Loan Agreement, may invoke your right of set-off. You may enter into any sales, repurchases or participations of this Loan Agreement to any person in any amounts and I waive notice of such sales, repurchases or participations. I agree that any of us signing this Loan Agreement as a Borrower is authorized to modify the terms of this Loan Agreement or any instrument securing, guarantying or relating to this Loan Agreement. Except to the extent prohibited by law, I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith.

12. **REMEDIES.** After I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.

   A. **Acceleration.** You may make all or any part of the amount owing by the terms of this Loan Agreement immediately due.

   B. **Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

   C. **Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

   D. **Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Loan Agreement, and accrue interest at the highest post-maturity interest rate.

   E. **Attachment.** You may attach or garnish my wages or earnings.

   F. **Set-Off.** You may set off any amount due and payable under the terms of this Loan Agreement against my right to receive money from you, unless prohibited by applicable law.

   G. **Repossession.** You may require me to gather and make the Property available to you. You may repossess the Property so long as the repossession does not involve a breach of the peace. You may sell, lease or otherwise dispose of the Property as provided by law. You may apply what you receive from the disposition of the Property to your expenses, your attorneys' fees and legal expenses (where not prohibited by law), and any debt I owe you. If what you receive from the disposition of the Property does not satisfy the debt, I will be liable for the deficiency (where permitted by law). In some cases, you may keep the Property to satisfy the debt.

   Where a notice is required, I agree that ten days prior written notice sent by first class mail to my address listed in this Loan Agreement will be reasonable notice to me under the Arkansas Uniform Commercial Code.

   H. **Use and Operation.** You may enter upon my premises and take possession of all or any part of my property for the purpose of preserving the Property or its value, so long as you do not breach the peace. You may use and operate my property for the length of time you feel is necessary to protect your interest, all without payment or compensation to me.

   I. **Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

13. **COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Loan Agreement or any other Loan Document. Expenses include, but are not limited to, reasonable attorneys' fees (as determined under Ark. Code Ann. §16-22-308), court costs, and other legal expenses. If not paid immediately, these expenses will bear interest from the date of the payment until paid in full at the same interest rate in effect as provided in the terms of this Loan Agreement. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

14. **COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

15. **WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Loan Agreement. The execution and delivery of this Loan Agreement will not violate any agreement governing me or to which I am a party.

16. **INSURANCE.** I agree to obtain the insurance described in this Loan Agreement.

A. **Property Insurance.** I agree to keep the Property insured against the risks reasonably associated with the Property. I will maintain this insurance in the amounts you require. This insurance will last until the Property is released from this Loan Agreement. I may choose the insurance company, subject to your approval, which will not be unreasonably withheld.

I will have the insurance company name you as loss payee on any insurance policy. I will give you and the insurance company immediate notice of any loss. You may apply the insurance proceeds toward what is owed on the Secured Debts. You may require added security as a condition of permitting any insurance proceeds to be used to repair or replace the Property.

If you acquire the Property in damaged condition, my right to any insurance policies and proceeds will pass to you to the extent of the Secured Debts.

I will immediately notify you of cancellation or termination of insurance. If I fail to keep the Property insured, you may obtain insurance to protect your interest in the Property and I will pay for the insurance on your demand. You may demand that I pay for the insurance all at once, or you may add the insurance premiums to the balance of the Secured Debts and charge interest on it at the rate that applies to the Secured Debts. This insurance may include lesser or greater coverages than originally required of me, may be written by a company other than one I would choose, and may be written at a higher rate than I could obtain if I purchased the insurance. This insurance coverage does not satisfy any liability or property insurance that may be mandated by applicable state or federal law. I acknowledge and agree that you or one of your affiliates may receive commissions on the purchase of this insurance.

17. **CREDITOR-PLACED INSURANCE NOTICE.** I am giving you a security interest in the Property described in this Loan Agreement. I am required to maintain insurance on the Property to protect your interest until all debts secured by this Loan Agreement are paid. If I fail to provide evidence of insurance on the Property to you, you may place insurance on the Property and I will be responsible to pay for the costs of that creditor-placed insurance.

18. **GENERAL PROVISIONS.** If two or more Borrowers sign this Loan Agreement, we are liable to repay jointly and severally. This Loan Agreement is the complete and final expression of the agreement and may not be amended or modified by oral agreement. If any provision of this Loan Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007. This Loan Agreement is governed by the laws of Arkansas, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law.

Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

19. **ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

ITEMIZATION OF AMOUNT FINANCED

|  |  |  |
|---|---|---|
| NOTE AMOUNT |  | $29,447.22 |
| Amount given to me directly: |  |  |
| (none) | $18,824.72 |  |
| CHK - Draft/Check | $10,500.00 |  |
| Total amount given to me directly | $29,324.72 |  |
| Amount paid on my account | $0.00 |  |
| Amount paid to Lender for: |  |  |
| Prepaid finance charge paid to Lender |  | $85.00 |
| Loan Processing |  | $85.00 |
| Total prepaid finance charge amount paid to Lender |  |  |
| Amount paid to others on my behalf*: |  |  |
| Department of Finance | $37.50 |  |
| LESS: PREPAID FINANCE CHARGE |  | $85.00 |
| AMOUNT FINANCED |  | $29,362.22 |

*Lender may retain or receive portions of these amounts.

20. **SIGNATURES.** By signing, I agree to the terms contained in this Loan Agreement. I also acknowledge receipt of a copy of this Loan Agreement.

MICHAEL JAY FOREMAN
Arkansas Promissory Note, Security Agreement and Truth-In-Lending Disclosures
AR/4XXXUBPMR00000000003267034082824N          Wolters Kluwer Financial Services, Inc.®1996, 2024 Bankers Systems™          Page 4

**BORROWER:**

_____(signed) Michael Foreman_____ Date 6/26/24
MICHAEL JAY FOREMAN

**LENDER:**

Union Bank & Trust Company

By _____(signed)_____ Date _____
Brandon Hogg, Vice President